UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

U.S. BANK TRUST COMPANY,
NATIONAL ASSOCIATION, AS TRUSTEE
FOR VELOCITY COMMERCIAL CAPITAL
LOAN TRUST 2023-2,

    Plaintiff,

v.                                         Case No. 3:23cv24668-MCR-HTC

CHRISTOPHER J. MYERS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff U.S. Bank Trust Company, National Association, as Trustee for Velocity Commercial Capital Loan Trust 2023-2 ("US Bank"), filed this action against Defendant Christopher J. Myers for payment on a promissory note and foreclosure of a mortgage. Doc. 1. Pending before the Court is US Bank's Motion for Default Judgment and Decree of Foreclosure. Doc. 14. A clerk's default has been entered against Defendant, Doc. 11, who has not appeared in this action and has not answered the complaint or responded to the motion for default judgment.[1]

---

[1] The motion was filed on February 9, 2024. However, upon review, the Court noted the motion did not include a certificate of service and, thus, directed US Bank to apprise the Court of the date and method by which Defendant was served with the motion. Doc. 15. On March 1, 2024, US Bank confirmed the motion had been served on Defendant via certified mail on February 9, 2024. Doc. 16.

Having considered the motion, the record, and the applicable law, the undersigned recommends the motion be GRANTED.

## I. Legal Standard

When a defendant fails to appear or answer a complaint, the court can enter a default judgment, "for in such circumstances the case never has been placed at issue." *Solaroll Shade and Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.3d 1130, 1134 (11th Cir. 1986) (citing Fed. R. Civ. P. 55(a)). By his default, a defendant admits the well-pleaded facts of the complaint. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). However, default is not an absolute confession of the defendant's liability. *See id.* Instead, for a default judgment, the well-pleaded allegations, when taken as true, must substantively state a cause of action. *See id.* If they do, the Court then determines the amount and character of damages to be awarded. *See Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1988)).

A hearing on damages is not necessary if there is a basis for damages in the record, and damages may be determined based on affidavits if sufficient evidence is submitted to support the requested amount. *See Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate basis for any damage award it enters, and to assure that damages are not

awarded solely as the result of an unrepresented defendant's failure to respond to a Request for Admission . . . [alleging] damages with no factual basis.").

## II. Discussion

On March 16, 2023, Defendant executed a promissory note in the principal amount of $746,250.00 to Velocity (the "Note").  Doc. 1 at 3, 12–17.  As security for the Note, Defendant executed a Commercial Mortgage, Security Agreement, and Assignment of Leases and Rents (the "Mortgage") covering certain rental property, commonly known as 53 Bayshore Pines Court, Miramar Beach, Florida (the "Property").[2]  Doc. 14-2 at 15.  On May 17, 2023, US Bank became the owner holder of the Note and all interest in the Note via an Allonge.  Doc. 14-2 at 14.  On June 21, 2023, Velocity assigned the Mortgage to US Bank (the "Assignment").  Doc. 14-2 at 32.

By virtue of the Mortgage, Defendant effected a present, absolute, and unconditional assignment of all leases, rents, issues, income, profits, and other rights generated by and associated with the Property (collectively, the "Assignment of Rents").  Further, the Mortgage also pledged all the fixtures and personal property described therein (the "Security Interest").  The Security Interest constitutes a valid

---

[2] The Property at issue is also described as: Parcel ID: 29-2S-21-42165-000-0070, Lot 7, Bayshore Pines, according to the plat thereof, as recorded in Plat Book 16, Page(s) 24 through 24A, of the Public Records of Walton County, Florida.  Doc. 14-2 at 30.

Case No. 3:23cv24668-MCR-HTC

lien on all the personal property that is part of the Property and that is subject to a security interest pursuant to the Uniform Commercial Code.

Defendant failed to make payments and defaulted on the Note.[3] Doc. 14-2 at 13. As a result of Defendant's default, Plaintiff accelerated all unpaid principal amounts and all accrued and unpaid interest under the Note. *Id.* Having fully reviewed the record, the undersigned is satisfied that US Bank has established that Defendant has defaulted on the Note. US Bank has submitted affidavit proof that Defendant owes the following amounts as of February 29, 2024:

| | |
|---|---|
| Principal | $754,952.81 |
| Accrued Interest through 9/30/2023 | $65,208.70 |
| Prepayment Penalty | $37,297.64 |
| Escrow/Impound Overdraft | $2,358.54 |
| Late Charges | $1,083.09 |
| Other Fees | $20,307.67 |
| Recording Fee | $18.50 |
| Payoff Quote Fee | $150.00 |
| Default Interest | $4,890.14 |
| **TOTAL as of 2/29/2024** | **$879,174.59** |

plus regular interest that continues to accrue at the rate of 10.49% per annum, plus default interest that continues to accrue at the rate of 4.0% per annum, plus fees and advances that continue to accrue, plus US Bank's attorneys' fees and costs accrued to date, and those which will accrue thereafter. Doc. 14-2 at 3.

---

[3] Defendant failed to make the June 1, 2023, payment and all subsequent payments. Doc. 14-2 at 3.

Because of the Defendant's default, the Plaintiff has revoked the license it granted Defendant in the Assignment of Rents to collect rents and Plaintiff is now entitled to collect and receive all rents from the Property and all rents the Defendant has collected since default. Also, because of the Defendant's default, Plaintiff is entitled to exercise all its rights under the Security Interest.

Accordingly, it is respectfully RECOMMENDED:

1. That Plaintiff U.S. Bank Trust Company, National Association, as Trustee for Velocity Commercial Capital Loan Trust 2023-2's Motion for Default Judgment, Doc. 14, be GRANTED.

2. That the Court find that Plaintiff holds a valid lien on the Property, rents, and fixtures and personal property located at the Property.

3. That the Court find Plaintiff's Mortgage is prior, paramount, and superior to all rights, claims, liens, interest, encumbrances and equities of the Defendant and all persons, occupants, entities, and others claiming by, through or under them, which are subordinate to it and subject to foreclosure in this case. Plaintiff's Mortgage is foreclosed against the Property.

4. That judgment be entered in Plaintiff's favor and against Defendant Christopher Myers in the total amount of **$879,174.59**, **plus post judgment interest at the legal rate.**

5. That the Court appoint a Special Master, pursuant to Fed. R. Civ. P. 53, to sell the Property, its improvements, buildings, fixtures, appurtenances for public sale, at the Walton County Courthouse, or its office, at the usual hour and location for public sale, per 28 U.S.C. § 2001 *et seq.* and applicable Florida law, after publication of the advertised notice of the public sale of the Property, once a week for 4 weeks prior to the sale in a newspaper regularly issued and of general circulation in Walton County. The sale is without right of redemption per 28 U.S.C. § 2001 *et seq*. Under 28 U.S.C. § 564 and 566, the Special Master may exercise the same powers to conduct the sale as any local official or party conducting foreclosure sales, to yield the best sale price of the Property through free, fair, and competitive bidding.

6. That, at the sale, the successful bidder(s) shall deposit at least 10% of the successful bid with the Special Master, by cash, cashier's check, or certified check, made payable to Plaintiff's counsel of record. To be permitted to bid, bidders shall present proof to the Special Master of their compliance with this requirement.

7. That a third-party bidder/purchaser will pay the balance of the purchase price for the Property in cash, cashier's check, or certified check, payable to Plaintiff's attorney, within 48 hours after the sale date. If the purchaser defaults on this or any other condition of sale, then the deposit is forfeited and shall be applied

to expenses of sale.  The Property may then be re-offered for sale or sold to a second highest bidder at Plaintiff's discretion.

8.      That, if Plaintiff is the purchaser, the Special Master will credit on Plaintiff's bid the total sums due to Plaintiff, or such portion necessary to fully pay Plaintiff's bid.  If not the purchaser, Plaintiff will advance all subsequent costs of this action, for which it will be reimbursed by the Special Master.

9.      That, following completion of the sale, the Special Master will execute a Report of Sale, for filing with the Clerk of Court, subject to confirmation by the Court.

10.     That Plaintiff may assign the judgment and/or credit bid by executing an assignment prior to issuance of an order confirming the sale of the Property, without further order of the Court.

11.     That per Fed. R. Civ. P. 70, by motion after the sale, the Court will enter an order confirming the sale of the Property, conveying title to the purchaser at sale, which shall be filed and recorded in the local land registry office, with the same legal effect as a Certificate of Title or other conveyance, per Fla. Sta. Ann. § 45.011 and 702.10 *et seq.*, or the Special Master may execute a conveyance of the Property to Plaintiff or any other purchaser at sale.

Case No. 3:23cv24668-MCR-HTC

12. That a successful third-party bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and land registry fees and like costs, as provided by law.

13. That upon entry of the confirmation order, the sale proceeds will be applied to Plaintiff's costs and disbursements of this case, expenses of sale, including documentary stamps affixed to the order if applicable, the total sum due to Plaintiff less the items paid, plus interest at the legal rate from this date to the sale date.

14. Plaintiff or any other purchaser at the sale is granted possession of the Property, its improvements, fixtures, and other contents. All other parties, occupants, entities and others will vacate the Property following the sale, as directed by the U.S. Marshal and/or local law enforcement officers, their deputies and agents, who are ordered to take any and all action to remove anyone and their belongings from the Property, with whom Plaintiff or other purchaser at sale is authorized to coordinate to take all actions reasonably necessary to effectuate same. Refusal or failure to vacate the Property is punishable by contempt.

15. That, until the Property is sold and the successful bidder takes physical possession, all other parties, occupants, entities, and others will take all reasonable steps necessary to preserve the Property in its current condition, including its buildings, improvements, fixtures, and appurtenances, including, without limitation, maintaining fire and casualty insurance policies on the Property and providing proof

of insurance when requested by Plaintiff. All parties, occupants, entities, and others will not commit waste, damage or vandalism against the Property or do anything to impair or reduce its value or marketability, including but not limited to recording any instruments, publishing any notice, or taking any other action tending to adversely affect the value of the Property or tending to deter or discourage potential bidders from participating in the sale and shall not cause or permit anyone else to do so. Violation of the above is punishable by contempt of Court.

16. That the Court retain jurisdiction over this action and the Property for purposes of making any and all further orders and decrees as just and equitable, including but not limited to awarding fees and costs for contempt and for confirmation of the sale.

17. That the Clerk be directed to administratively close the case.

Done this 18th day of March, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:23cv24668-MCR-HTC

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**