UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

U.S. BANK TRUST COMPANY,
NATIONAL ASSOCIATION, AS TRUSTEE
FOR VELOCITY COMMERCIAL CAPITAL
LOAN TRUST 2023-2,

    Plaintiff,

v.                                    Case No. 3:23cv24668-MCR-HTC

CHRISTOPHER J. MYERS,

    Defendant.
_____/

**ORDER**

    The Magistrate Judge entered a Report and Recommendation dated March 18, 2024 (ECF No. 17), recommending the grant of final default judgment and setting out proposed procedures for the sale of the property. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). No objections have been filed. Instead, Plaintiff filed a Motion to Enter Agreed Order Authorizing Sale of Property by Receiver Free and Clear of Liens, ECF No. 18, setting out procedures for the sale by a named receiver and indicating that "the parties to this matter have reached an agreement on a procedure for a judicial sale of

the property that is the subject of this cause," as memorialized in the proposed Agreed Order, which is signed by both parties.

Having considered the Report and Recommendation and the record, the undersigned determines that the Report and Recommendation should be adopted, as modified herein and that the parties' Agreed Order should be entered and will govern the sale process.

Accordingly, it is now **ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference, as modified in this Order.

2. Plaintiff U.S. Bank Trust Company, National Association, as Trustee for Velocity Commercial Capital Loan Trust 2023-2's Motion for Default Judgment, Doc. 14, is hereby GRANTED.

2. The Court finds that Plaintiff holds a valid lien on the Property, rents, and fixtures and personal property located at the Property.

3. The Court finds Plaintiff's Mortgage is prior, paramount, and superior to all rights, claims, liens, interest, encumbrances and equities of the Defendant and all persons, occupants, entities, and others claiming by, through or under them, which are subordinate to it and subject to foreclosure in this case. Plaintiff's Mortgage is foreclosed against the Property.

4. The clerk is directed to enter Judgment in favor of Plaintiff and against Defendant Christopher Myers in the total amount of **$879,174.59**, **plus post judgment interest at the legal rate.**

5. The Court GRANTS the parties' Motion to Enter Agreed Order Authorizing Sale of Property by Receiver Free and Clear of Liens, ECF No. 18, and it will be entered separately, modified only as follows:

(a) Paragraph 4 of the Agreed Order is modified to provide as follows:

Up to and including **7 days from the date of this Order**, the Receiver may not accept an offer to purchase the Property for a gross purchase price less than $970,000.00.

(b) Paragraph 5 of the Agreed Order is modified to provide as follows:

After **7 days have passed from the date of this Order**, the Receiver is authorized to accept an offer for the purchase of the Property that it deems, in its discretion, to be commercially reasonable and for fair market value and terms. The Receiver's acceptance of such an offer is subject to the approval of the Plaintiff.

6. Following completion of the sale, the Receiver is directed to hold the net proceeds of the sale and file a Report of Sale with the Clerk of Court, subject to confirmation by the Court.

7. Per Fed. R. Civ. P. 70, by motion after the sale, the Court will enter an order confirming the sale of the Property, conveying title to the purchaser at sale, which shall be filed and recorded in the local land registry office, with the same legal effect as a Certificate of Title or other conveyance, per Fla. Sta. Ann. § 45.011 and 702.10 *et seq.*, or the Receiver may execute a conveyance of the Property to the purchaser at sale as provided in the Agreed Order.

8. Upon entry of the confirmation order, the sale proceeds shall be applied to Plaintiff's costs and disbursements of this case, expenses of sale, including documentary stamps affixed to the order if applicable, the total sum due to Plaintiff less the items paid, plus interest at the legal rate from this date to the sale date.

9. Plaintiff or any other purchaser at the sale will be granted possession of the Property, its improvements, fixtures, and other contents.  All other parties, occupants, entities and others will vacate the Property following the sale, as directed by the U.S. Marshal and/or local law enforcement officers, their deputies and agents, who are ordered to take any and all action to remove anyone and their belongings from the Property, with whom Plaintiff or other purchaser at sale is authorized to coordinate to take all actions reasonably necessary to effectuate same.  Refusal or failure to vacate the Property is punishable by contempt.

10. Until the Property is sold and the successful bidder takes physical possession, all other parties, occupants, entities, and others shall take all reasonable

steps necessary to preserve the Property in its current condition, including its buildings, improvements, fixtures, and appurtenances, including, without limitation, maintaining fire and casualty insurance policies on the Property and providing proof of insurance when requested by Plaintiff.  All parties, occupants, entities, and others shall not commit waste, damage or vandalism against the Property or do anything to impair or reduce its value or marketability, including but not limited to recording any instruments, publishing any notice, or taking any other action tending to adversely affect the value of the Property or tending to deter or discourage potential bidders from participating in the sale and shall not cause or permit anyone else to do so.  Violation of the above is punishable by contempt of Court.

11.   The Court retains jurisdiction over this action and the Property for purposes of making any and all further orders and decrees as just and equitable, including but not limited to awarding fees and costs for contempt and for confirmation of the sale.

12.   The Clerk is directed to administratively close the case but refer the Report of Sale when it is filed.

**DONE AND ORDERED** this 4th day of June, 2024.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case No. 3:23cv24668-MCR-HTC